CIACCIO, Judge, dissents.
I respectfully dissent.
The language of Paragraph 4 of the Lease Modification document provides for a reduction in lessee’s rental obligation from a guaranteed fixed rental plus a percentage of gross sales to no guaranteed fixed rental but only a rental based on percentage of gross sales. This clause was designed to give financial relief to the Wat-skys in the event that D.H. Holmes, the anchor tenant, ceased operations with the resultant decline of customer traffic. While giving this concession it would be illogical for the lessor to add a new charge for chilled water, thereby increasing the lessee’s monthly rental costs.
Paragraph 6 reaffirmed in full force all terms and conditions of the lease not modified by the agreement. No language in Paragraph 2 refers to chilled water nor does it make any mention of utilities. If we were to follow the logic of the Watskys they were likewise relieved of their obligation to pay for their own electricity costs as required by the original lease since electricity was not listed in Article 2. They would only have to pay for their own electricity in the event that D.H. Holmes closes. This result makes no sense.
Reading Paragraphs 2, 4 and 6 together, it is clear that lessor did not amend any lease provision not specifically mentioned in Paragraph 2. No change was made in lessee’s obligation to pay for chilled water and electricity. Those obligations were reaffirmed by the language of Article 6. The listing of those two items in paragraph 4 supports the validity of that interpretation.
I would reverse the trial court and render judgment for plaintiff.